IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,394-01






EX PARTE DAVID PHILLIP CARTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W05-47920-S(A) IN THE 282ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to 10 years' imprisonment. He did not appeal his conviction.

 Applicant contends inter alia that his sentence was illegal because this offense was a state
jail felony and the 10-year sentence assessed fell outside the applicable punishment range. He
alleges that the enhancement paragraphs were invalid because the State used one state jail felony and
one non-state jail felony to enhance, but should have used two non-state jail felonies. He also alleges
that counsel rendered ineffective assistance because counsel failed to investigate and challenge the
aforementioned enhancement paragraphs. 

 The trial judge has entered findings of fact and conclusions of law recommending that relief
be granted. The trial judge found that the enhancement paragraphs were invalid because the State
used one state jail felony and one non-state jail felony to enhance this state jail felony to a second
degree felony. The trial judge concluded that the state jail felony punishment range of 180 days to
2 years applied and that the sentence assessed was illegal as it fell outside the applicable punishment
range. The trial judge urged this Court to grant relief promptly, as Applicant has already been
confined more than two years on this cause number. However, the record does not contain the
information needed to resolve Applicant's claims. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to the fact
issues. The trial court shall supplement the record with a copy of the indictment in the challenged
cause and copies of the indictments and judgments the causes which were used to enhance the
punishment range to the second degree felony punishment range. The trial judge shall supplement
the record with evidence clarifying whether there were any other felony convictions which the State
could have used to properly enhance the punishment range to the second degree felony punishment
range. See Tex. Pen. Code, § 12.42 (a)(2). The trial judge shall also supplement the record with
information as to whether there were any other state jail felony convictions which the State could
have used to properly enhance the punishment range to the third degree felony punishment range. 
 See Tex. Pen. Code, § 12.42 (a)(1). The trial judge shall also supplement the record with copies of
the court reporter's notes from the initial plea hearing and the hearing on the State's motion to
revoke Applicant's deferred adjudication probation. The trial court shall order counsel to file an
affidavit addressing: (1) whether counsel investigated the offenses which were used for enhancement
purposes and, if so, whether counsel believed that the enhancement paragraphs were valid; and, (2)
whether counsel challenged the enhancement paragraphs and, if not, the strategic reason why counsel
decided not to challenge the enhancement paragraphs. In the appropriate case, the trial court may
rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether there were any other non-state jail
felony convictions which the State could have used to properly enhance the punishment range to the
second degree felony punishment range. The trial judge shall also make findings of fact as to
whether there were any other state jail felony convictions which the State could have used to
properly enhance the punishment range to the third degree felony punishment range. The trial judge
shall also make findings of fact as to the degree to which this issue was litigated at Applicant's plea
hearing and at his deferred adjudication probation revocation hearing. The trial judge shall also
make findings of fact as to whether counsel investigated the offenses used to enhance and, if so,
whether counsel believed that the enhancement paragraphs were valid. The trial judge shall also
make findings of fact as to whether counsel challenged the enhancement paragraphs and, if not, as
to why counsel decided not to challenge the enhancement paragraphs. The trial judge shall also
make findings of fact as to whether the performance of Applicant's trial attorney was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 8, 2008

Do not publish